ANNA KATZ, PLAINTIFF-APPELLEE, v. JOSEPH TABOR-OWSKY, DEFENDANT-APPELLANT.

Submitted October 13, 1928—Decided March 20, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Cohen & Klein.*

For the appellee, *Henry K. Golenbock.*

PER CURIAM.

This is defendant's appeal from a judgment of the Perth Amboy District Court entered upon the verdict of a jury for $125.

The plaintiff brought her action against the defendant for personal injuries alleged to have been sustained by reason of defendant's negligence in the operation of his automobile whereby it hit the automobile in which plaintiff was riding. The accident occurred at the intersection of Park avenue and Barach street, in the city of Perth Amboy.

No contention is made in the defendant's brief that he was not negligent, nor is there any contention that the plain-

tiff was guilty of contributory negligence. The sole contention is that "nowhere in the entire evidence in the case is there the slightest testimony of any physical injuries to the plaintiff of any sort, and there is ample evidence that the plaintiff sustained merely a condition described as nervousness or nervous shock," and hence it is argued that the plaintiff cannot legally recover.

We think the defendant's contention is ill-founded in point of fact. The facts are not in dispute. They are that the "shock of the two cars coming together threw her [plaintiff] forward over the seat  *  *  *  towards the glass." The plaintiff testified: "I felt like I fell and I got excited and I don't know what happened. I don't even know who took me home." She was put to bed in an extremely nervous condition which the jury had a right to infer, and did infer, resulted from the injury received in the accident. Of course, under this testimony, she was not precluded from recovery. In *Consolidated Traction Co.* v. *Lambertson,* 60 *N. J. L.* 457, the Court of Errors and Appeals, speaking through Mr. Justice Dixon (at *p.* 458) said: "While there are decisions holding that mere fright cannot form the legal basis of an action for damages (*Mitchell* v. *Rochester Railway Co.* (*N. Y.*), 45 *N. E. Rep.* 354) it is a well-established rule that when an actionable wrong, consisting of or accompanied by personal injury, is committed, the jury, in fixing the damages, are entitled to consider the mental agitation and disorder of the plaintiff naturally and proximately resulting from the wrongful conduct of the defendant."

The judgment will be affirmed, with costs.